**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                February 4, 2014

Courtroom Deputy:  Kathleen Finney
Court Reporter:    Tracy Weir
Probation Officer: Robert Ford

**Criminal Action No.  13-cr-00001-REB**

*Parties:*                                *Counsel:*

UNITED STATES OF AMERICA,                 Kenneth Harmon

    Plaintiff,

v.

1.  DAVID N. HAWKINS,                     Richard T. Tegtmeier

    Defendant.

**SENTENCING MINUTES**

**1:38 p.m.     Court in session.**

Appearances of counsel.  Also seated at the government's table is IRS Special Agent Matthew Garth and FBI Special Agent Jonathan Cronan.

Defendant is present on bond.

Court's opening remarks.

Also pending before the court relevant to sentencing are the following documents: the **Government's Supplemental Sentencing Submission** [#45] filed January 27, 2014.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: the **Defendant's Amended Motion for Non-guideline Sentence and/or Downward Variance Pursuant to 18 U.S.C. § 3553** [#32] is **granted in part and denied in part**, as stated on the record;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts One and Two of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty (30) months on each of Counts One and Two, to be served concurrently**, for a total sentence of 30 months;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years on each count, to be served concurrently**;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of defendant's DNA;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

- that the defendant shall document all income, revenue, compensation, and financial support of any kind generated or received from any source and provide that information to his probation officer on request;

- that any employment of the defendant shall be approved in advance by his probation officer;

- that the defendant shall apply any monies received from income refunds, lottery wines, inheritances, devises, judgments or any anticipated or unexpected financial gains to the outstanding court ordered financial obligations in this case; and

- that the defendant make and pay any restitution as ordered and required by the court;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200;

9. That the defendant shall pay restitution for the benefit of the three unpaid victims, payable immediately to the care of the Clerk of the Court in full, in the amount of $204,348.91, however, if not paid immediately, then paid by the defendant in monthly installments of not less than 10% of his monthly gross income as determined by his probation officer, commencing during the term of supervised release; provided furthermore that interest on restitution is waived;

10. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That the **Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant, David N. Hawkins** [#47] entered January 29, 2014 shall become final and shall become part of this sentence and included in the corresponding judgment;

13. That presentence confinement credit shall be determined under federal law by the Bureau of Prisons;

14. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably at FPC Englewood; and

15. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons by 12:00 p.m. (**noon**) on a date within 15 days of the date of designation as specified by order of this court.

The defendant is advised of the right to appeal the sentences imposed by the court.

**2:07 p.m.    Court in recess.**

Total time in court: 00:29

Hearing concluded.